# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RICHARD KAIL,**

> **Petitioner/**
> **Counterclaim Defendant,**

**vs.**                                                    **Case No. 8:15-cv-2719-T-27TGW**

**DIANE SUPERNANT,**

> **Respondent/**
> **Counterclaimant.**
_____/

## ORDER

**BEFORE THE COURT** is Respondent's Motion for Transfer of Property and/or to Credit Bid at Auction (Dkt. 105), Petitioner's Motion for Attorney's Fees and Costs (Dkt. 103), and Respondent's Motion for Attorneys' Fees and Costs (Dkt. 104). No opposition to the respective motions has been filed, and the time for doing so has passed. Upon consideration, Respondent's motion to transfer of property or to credit bid at auction (Dkt. 105) is **GRANTED** *in part*. Ruling on the parties' motions for attorneys' fees and costs (Dkts. 103, 104) is **DEFERRED**.

Petitioner brought this action to partition real property he jointly owns with Respondent. (Petition, Dkt. 2). The case was tried before the Court, after which judgment of partition was ordered. (Dkt. 99). The parties were directed to effectuate a private sale of the property by October 31, 2017, with jurisdiction reserved to appoint the Clerk to conduct a public auction pursuant to section 64.071, Florida Statutes if they were unable to effectuate a private sale. Final judgment was entered in Respondent's favor for $24,579.25 on her counterclaims of breach of contract and conversion against Petitioner. Both parties move for an award of attorneys' fees and costs from the

partition sale proceeds in accordance with section 64.081, Florida Statutes. (Dkts. 103, 104).

Respondent moves for either an outright transfer of the property to her free and clear of Petitioner's

interest or the ability to credit bid at a public auction. (Motion, Dkt. 105).

The partition Order directed that Respondent receive $307,489.59 from Petitioner's share of

the proceeds of the partition sale for his proportionate share of property expenses Respondent paid.

(Dkt. 99 at p. 24). Since the Order, Respondent contributed an additional $2,230.80 to the property

in insurance payments, half of which is Petitioner's obligation. (Affidavit of Respondent, Dkt. 106

at ¶ 6 & Ex. A); *Biondo v. Powers*, 743 So. 2d 161, 164 (Fla. Dist. Ct. App. 1999).[1] Accordingly,

Respondent is entitled to a credit from Petitioner's share of the partition proceeds of $308,604.99.

An appraiser hired by Respondent estimates the value of the property at $650,000. (Affidavit

of Respondent, Dkt. 106 at ¶ 9 & Ex. C). Respondent argues that the property should be transferred

to her outright because "[a]ssuming a sale at the appraised value of approximately $650,000, she

submits that all of the net sale proceeds would come back to her and nothing would be paid to Kail."

(Motion, Dkt. 105 at p. 3).[2]

After a judgment of partition, a property shall be disposed of either by a public auction to the

highest bidder or a private sale arranged by the parties with the court's approval, absent a contrary

stipulation by the parties. *Carlsen v. Carlsen*, 346 So. 2d 132, 133 (Fla. Dist. Ct. App. 1977) (citing

FLA. STAT. § 64.071). Respondent acknowledges that nothing in Florida law authorizes the transfer

---

[1] Respondent avers that she intends to pay the 2017 real estate taxes for the property. (Dkt. 106 at ¶ 7 & Ex. B). However, she cannot receive credit for those taxes since she has not yet paid them.

[2] Respondent incorrectly includes her money judgment against Petitioner when making that calculation. The money judgment is not recoverable from the partition sale proceeds because Petitioner established that he used the property as his homestead and that he intends to use the proceeds from a sale to buy a new home. *See Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So. 2d 201, 204 (Fla. 1962). She does not point to any Florida law showing that homestead protection does not apply to the proceeds of a partition sale.

of ownership of a property to one joint owner after a partition judgment simply because the value of the other owner's proportionate share of property expenses will exceed the value of his share of the proceeds from a sale. (Motion, Dkt. 105 at p. 5). To the contrary, "[w]hile she made excess payments for his benefit toward obligations on the property, these payments did not increase her equity in the property." *Biondo*, 743 So. 2d at 164. Even if Respondent establishes that Petitioner owes her more for his share of the property expenses than he would receive from a partition sale, that does not decrease his equity in the property or create a legal basis for extinguishing his ownership interest. *Id.*

As for Respondent's request that she be allowed a credit bid at a public auction, she establishes good cause. *Grable v. Nunez*, 66 So. 2d 675, 676 (Fla. 1953) (owner bidding on real property at a partition sale may "receive credit for his proportionate share of the proceeds of sale in making settlement for the purchase price of the property, where the proportionate costs, charges, expenses, and attorneys fees assessed against the purchasing owner are deposited in court, and the proportionate proceeds to which the remaining owners are entitled are also deposited in Court." The credit bid process recognizes that no useful purpose is served by having an owner pay cash at an auction when she is entitled to have the cash paid back to her under the decree authorizing the sale. *See Branch Banking & Trust Co. v. Tomblin*, 163 So. 3d 1229, 1230 (Fla. Dist. Ct. App. 2015) (per curiam) (citing *Grable*, 66 So. 2d at 677). And Respondent persuasively explains that a credit bid allows her to avoid unnecessary expenses associated with paying the full purchase price after a public auction. (Motion, Dkt. 105 at ¶ 8); (Affidavit of Respondent, Dkt. 106 at ¶¶ 11-12).

Accordingly, Respondent is entitled to a credit bid in an amount up to her proportionate share of the proceeds from the sale in the event she is the successful bidder.[3] If she is the successful bidder, she is required to deposit into the court registry an amount sufficient to cover her share of outstanding expenses, attorneys' fees, and costs associated with the partition of the property. *Grable*, 66 So. 2d at 676. The parties' respective motions provide guidance on the fees and expenses associated with the litigation.

Petitioner asserts fees of $57,742.50 and costs of $410.00 (Dkt. 103). Respondent estimates attorneys' fees and costs in excess of $110,000, (Dkt. 104), but she is current on those fees and her attorney is not requesting security for any amounts outstanding through the conclusion of the lawsuit, (Dkt. 105 at ¶ 14). Respondent is current on all expenses associated with the property, including taxes and insurance. (*Id.* at ¶ 4). The estimated taxes for 2017 are $6,005.50. (*Id.*) (citing Affidavit of Respondent, Dkt. 106 at ¶ 7 & Ex. B). Accordingly, outstanding charges associated with the partition sale are at least $64,158. If she is the successful bidder, Respondent is required to deposit $70,000 into the court registry after the partition sale, an amount sufficient to cover fees and expenses, and is responsible for all closing costs associated with her purchase of the property.

Accordingly,

---

[3] For example, at the appraised value of $650,000, and leaving aside fees and expenses, her share of the proceeds would be $633,604.99, or half the property value plus the amount she is entitled to receive from Petitioner's share for her excess payment of expenses. *See Biondo*, 743 So. 2d at 164 ("[E]ach party should first receive 50% of the sale proceeds, and Biondo should pay Powers 50% of the excess expenses."). At the appraised value of $650,000, and leaving aside fees and expenses, her share of the proceeds would be $633,604.99, or half the property value plus the amount she is entitled to receive from Petitioner's share for her excess payment of expenses. *See Biondo*, 743 So. 2d at 164 ("[E]ach party should first receive 50% of the sale proceeds, and Biondo should pay Powers 50% of the excess expenses.").

(1)     Respondent's Motion for Transfer of Property and/or to Credit Bid at Auction is **GRANTED** *in part*. She is entitled to a credit bid at auction as discussed herein. Her request that the 6811 Manasota Key property be transferred to her free and clear of Petitioner's interest is **DENIED**.

(2)     Either party may file, after October 31, 2017, a motion for an order appointing the Clerk to conduct a public auction of the property to the highest bidder pursuant to section 64.071, Florida Statutes. The motion shall certify that the parties are not be able to effectuate a private sale of the property and shall include a certificate of good faith conference with the opposing party in accordance with Local Rule 3.01(g).

(3)     In the event Respondent is the highest bidder at a public auction of the property held in accordance with section 64.071, Florida Statutes, she is entitled to a credit bid in an amount up to her proportionate share of the proceeds from the sale, which shall not exceed $633,604.99.

(4)     Ruling on the parties' respective motions for attorneys' fees and costs is **DEFERRED** until after the partition sale.

**DONE AND ORDERED** this ___12th___ day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record