UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD KAIL,

    Petitioner/
    Counterclaim Defendant,

vs.                                     Case No. 8:15-cv-2719-T-27TGW

DIANE SUPERNANT,

    Respondent/
    Counterclaimant.
_____/

## ORDER

**BEFORE THE COURT** are Respondent's Motion for Appointment of the Clerk to Conduct Public Auction of Manasota Key Road (Dkt. 116) and Petitioner's Motion for Extension of Time to Effectuate Private Sale (Dkt. 108). Upon consideration, Respondent's motion for a public auction (Dkt. 116) is **GRANTED** and Petitioner's motion for extension (Dkt. 108) is **DENIED**. The real property located at 6811 Manasota Key, Englewood, Sarasota County, Florida (the "Subject Property") shall be sold at a public auction to the highest and best bidder.

Petitioner brought this action to partition real property he jointly owns with Respondent. (Petition, Dkt. 2). The case was tried before the Court, after which an Order of partition was entered pursuant to FLA. STAT. § 64.051 on July 7, 2017. (Order, Dkt. 99). The parties were directed to effectuate a private sale of the property by October 31, 2017, with jurisdiction reserved to order a public auction pursuant to FLA. STAT. § 64.071 if they were unable to effectuate a private sale. The parties failed to stipulate to terms for a private sale of the property within the deadline.

On October 13, 2017, Respondent's motion to credit bid at a public auction was granted. (Dkt. 107). That Order provided that "[e]ither party may file, after October 31, 2017, a motion for an order appointing the Clerk to conduct a public auction of the property to the highest bidder pursuant to section 64.071, Florida Statutes." (*Id.* at p. 5). Respondent has filed the motion to appoint the Clerk to conduct a private auction. (Motion, Dkt. 116). Petitioner moves for an extension of the time to conduct a private sale, arguing that a property appraiser hired by Respondent undervalued the Subject Property at $650,000, a comparable property recently sold at a higher price, and an extension will allow the parties to procure a buyer. (Motion for Extension, Dkt. 108). Respondent filed an opposition to Petitioner's request for an extension, arguing that the property discussed by Petitioner is not comparable to the Subject Property in relevant respects, and that the appraised value of the Subject Property is accurate based on the sale prices of other properties that are, in fact, comparable. (Response, Dkt. 109 at ¶¶ 3-5). However, the dispositive point of Respondent's opposition is her statement that she will not stipulate to a private sale of the Subject Property to a third party because she intends to attempt to purchase the property at a public auction. (*Id.* at ¶ 5).

A trial court finding that a parcel of real property in Florida is not reasonably susceptible to an equitable physical division has "three options for ordering a partition sale: (1) a judicial sale by public auction under section 64.071, (2) a private sale conducted by the clerk or a magistrate under section 64.061(4), or (3) a private sale based on the stipulation of the parties in accordance with *Carlsen*." *Marks v. Stein*, 160 So. 3d 502, 508 (Fla. Dist. Ct. App. 2015) (citing *Carlsen v. Carlsen*, 346 So. 2d 132 (Fla. Dist. Ct. App. 1977)). "Absent the parties' agreement, resort to a private sale as a means of selling the property in a partition action is disapproved." *Id.* at 507.

The Subject Property is not susceptible to an equitable physical division. (Order, Dkt. 99 at p. 16). As noted, the parties failed to stipulate to terms for a private disposition of the Subject Property within the time required by Order of partition. (*Id.* at p. 24); *see also Carlsen*, 346 So. 2d at 134 ("The trial court may provide a reasonable period of time for the parties to conclude any private arrangements for sale or disposition . . . ."). Respondent establishes that the parties will not stipulate to a private sale of the property and, therefore, a judicial sale of the property by public auction in accordance with FLA. STAT. § 64.071 is necessary. *See Marks*, 160 So. 3d at 507 ("[I]f disposition of the [property] is not amicably resolved within a specified reasonable period of time, judicial sale of the property shall take place in accordance with chapter 64." (quotation marks omitted)).[1]

Accordingly, Respondent's Motion for Appointment of the Clerk to Conduct Public Auction of Manasota Key Road (Dkt. 116) is **GRANTED** to the extent that a judicial sale of the Subject Property by public auction shall be conducted by the United States Marshal. Petitioner's Motion for Extension of Time to Effectuate Private Sale (Dkt. 108) is **DENIED**. A separate judgment will follow.

**DONE AND ORDERED** this 20th day of November, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[1] Because Florida law requires a judicial sale when the parties in a partition action are unable to stipulate, and Respondent effectively refuses to stipulate to anything other than a public auction, Petitioner's reply relating to his motion for extension of time to effectuate a private sale presents no grounds for delaying a judicial sale. (Dkt. 115).